UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JEFFREY BARNES,
A37-459-411

                Petitioner,

ORDER TRANSFERRING CASE
AS PETITION FOR REVIEW
PURSUANT TO RIDA

05-CV-370 (NGG)

   –against–

UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT,

                Respondent.
------------------------------------------------------------X
GARAUFIS, United States District Judge.

On January 20, 2005, petitioner Jeffrey Barnes filed the instant petition challenging the validity of a final order of removal order issued against him on September 12, 2002, and the lawfulness of his detention pending the resolution of that challenge.

For the reasons that follow below, this court lacks jurisdiction over Barnes' dual habeas claims that he (1) may not be deported and (2) may not be detained pending the resolution of his judicial appeals. The Real ID Act of 2005 deprived this court of jurisdiction to review the first claim, which must be transferred to the Court of Appeals for the Second Circuit. The Supreme Court's decision in <u>Rumsfeld v. Padilla</u>, 124 S. Ct. 2711 (2004), likewise established that jurisdiction to hear the second claim lies exclusively in the Middle District of Pennsylvania, where Barnes is being detained.

1

**I.    The Real ID Act of 2005 ("RIDA") Requires that Barnes' Challenge to His Final Order of Removal Be Transferred to the Court of Appeals for the Second Circuit**

The enactment of the REAL ID Act of 2005 ("RIDA"), Pub. L. No. 109-13, Div. B, on May 11, 2005, deprived this court of jurisdiction over Barnes' claim that he is not subject to removal from the United States. RIDA amended the judicial review provisions of section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, by adding, inter alia, the following jurisdictional provision:

> (5) Exclusive Means of Review--Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act. . . .

RIDA § 106(a)(1)(B).

Therefore, under RIDA, the courts of appeals have exclusive jurisdiction to review all administratively final orders of removal, deportation and exclusion. Moreover, Congress explicitly provided that the RIDA provision requiring a district court to transfer any cases currently before it to the appropriate court of appeals would take immediate effect upon enactment. Specifically, RIDA § 106(c) states:

> (c) TRANSFER OF CASES.--If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as

amended by this section . . .

RIDA further clarifies that a petition for review must be filed "with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." INA § 242(b)(2). Accordingly, this court is without jurisdiction to entertain any of Barnes' claims challenging the decision of the immigration authorities to remove him from the United States.

## II. Only the District Court for the District Where Barnes is Detained Has Jurisdiction over Barnes' Challenge to His Present Physical Confinement

This court also lacks jurisdiction to hear Barnes' claim that he should be released from immigration detention. In Padilla, the Supreme Court articulated a bright-line rule governing so-called "core habeas petitions"—those challenging the present physical confinement of the petitioner. With respect to such petitions, the Court held, "jurisdiction lies in only one district: the district of confinement," and that "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Padilla, 124 S. Ct. at 2718, 2722 (2004). Accord Deng v. Garcia, 352 F.Supp.2d 373, 375-76 (E.D.N.Y. 2005) (Garaufis, J.); Shehnaz v. Ashcroft, No. 04 Civ. 2578, 2004 WL 2378371, at *4 (S.D.N.Y. Oct. 25, 2004).

Barnes is currently detained at the York County Jail in York, Pennsylvania. Accordingly, jurisdiction over the portion of his habeas petition challenging his present physical confinement lies only in the Middle District of Pennsylvania.

## III. Conclusion

For the reasons set forth above, the claims contained in Barnes' petition may not be heard in this District. The Clerk of Court is therefore directed to transfer the portion of Barnes' petition

3

challenging his final removal order to the United States Court of Appeals for the Second Circuit because the immigration judge completed Barnes' removal proceedings at Napanoch, New York, which lies within the territorial jurisdiction of the Second Circuit. In accordance with the procedures adopted by the Second Circuit for case transfers made pursuant to RIDA, I hereby issue a stay of deportation as to Barnes. The Court of Appeals for the Second Circuit may, of course, vacate this stay upon receipt of this petition, and the government may move for such relief before the Second Circuit.

The Clerk is also directed to transfer the portion of Barnes' petition challenging his confinement at the York County Jail in York, Pennsylvania to the Middle District of Pennsylvania for further proceedings.

SO ORDERED.

Dated: July 14, 2005　　　　　　　　　　　　　　　　/s/ Nicholas Garaufis
　　　Brooklyn, N.Y.　　　　　　　　　　　　　　　　NICHOLAS G. GARAUFIS
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge